[Cite as *State v. Perine*, 2012-Ohio-3048.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
|  | : | W. Scott Gwin, P.J. |
|  | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 11CA37 |
|  | : |  |
|  | : |  |
| KEVIN PERINE | : | O P I N I O N |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:          Criminal Appeal from Cambridge
                                                            Municipal Court Case No.
                                                            11TRC02300

JUDGMENT:                                       Affirmed

DATE OF JUDGMENT ENTRY:          June 28, 2012

APPEARANCES:

For Plaintiff-Appellee                           For Defendant-Appellant

WILLIAM H. FERGUSON                     MELISSA WILSON
Cambridge Law Director                       1009 Steubenville Avenue
150 Highland Ave., Ste. 2                     Cambridge, Ohio  43725
Cambridge, Ohio  43725

*Edwards, J.*

{¶1} Defendant-appellant, Kevin Perine, appeals his conviction and sentence from the Cambridge Municipal Court on one count each of operating a motor vehicle while under the influence of alcohol and/or drugs and failing to travel within lanes of travel on a roadway. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On April 9, 2011, appellant was charged with one count of operating a motor vehicle while under the influence of alcohol and/or drugs (2nd offense) in violation of R.C. 4511.19(A)(1), a misdemeanor of the first degree, and failing to travel within lanes of travel on a roadway in violation of R.C. 4511.25, a minor misdemeanor. At his arraignment on April 13, 2011, appellant pleaded not guilty to the charges.

{¶3} Subsequently, a bench trial was held on October 7, 2011. At the trial, Ohio State Highway Patrol Trooper Kyle Shirer testified that he was on duty in uniform in a marked cruiser on April 9, 2011, at approximately 1:30 a.m. when he observed appellant drove off the right side of the road. The Trooper testified that appellant drove left of center four times and that his tires were in the grass. Trooper Shirer then initiated a traffic stop.

{¶4} When he walked up to appellant's vehicle, Trooper Shirer noticed an odor of an alcoholic beverage about appellant's vehicle. Appellant admitted to consuming one alcoholic beverage and his reactions were slow. The Trooper then had appellant exit his vehicle and get into the cruiser. Trooper Shirer testified that there was a "slight odor of an alcoholic beverage" about appellant, but that the odor was not strong. Transcript at 8. Appellant told the Trooper that he had been prescribed Percocet, Xanax

and Oxycontin and had taken them about two hours prior to being stopped. When the Trooper asked appellant if he was aware that the drugs could affect his ability to drive, appellant indicated that he was aware.

{¶5} Trooper Shirer then administered field sobriety tests to appellant. He testified that he did not administer the horizontal gaze nystagmus test because appellant had something wrong with his eye. According to Trooper Shirer, he observed four clues on the walk and turn test. Appellant moved his feet while listening to instructions, did not touch heel to toe and made an incorrect turn. Trooper Shirer testified that appellant's performance on such test made him believe that "[t]here is something going on, as far as, he, other than alcohol that he is possibly impaired." Transcript at 13. Trooper Shirer then administered the one legged stand test to appellant. He testified that appellant put his foot down about every second. Appellant was then arrested for driving under the influence.

{¶6} On cross-examination, Trooper Shirer testified that he did not ask appellant whether he could complete the walk and turn and one legged stand tests. He testified that he recalled appellant telling him, as appellant exited his vehicle, that he sometimes used a cane. Trooper Shirer testified that he did not offer appellant the use of his cane during the tests.

{¶7} At the bench trial, appellant testified that he took his medications as prescribed. He testified that he had chronic arthritis throughout his body, including both knees, had deteriorating discs in his back and that he used a cane for a torn ligament in his right knee. According to appellant, doctors want to replace both of his knees. Appellant testified that when Trooper Shirer came up behind him, "I had bright lights, my

mirrors were all adjusted to see, I got big mirrors on the side of my truck that I have a mirror in the front. I have tinted windows but when he kicked those lights on, he blinded me. I was trying to find my mirrors, to adjust my mirrors where I could, could see to drive. So there's where I went left of center." Transcript at 25. He testified that he had a little bit of vision in his right eye and that "it kinda throws me a little bit off…So when I'm driving, it's like, I kind of, vere (sic),…" Transcript at 26. According to appellant, if the lights behind him had not been so bright, he would not have been weaving so badly.

{¶8} On cross-examination, appellant testified that he had half a beer at a bar that night about a half an hour before he was stopped and that he was not supposed to combine his prescribed drugs with alcohol. He testified that he had taken his medications about two hours before.

{¶9} At the conclusion of the testimony, that trial court found appellant guilty of both charges. With respect to the charge of operating a motor vehicle while under the influence, appellant was sentenced to 60 days in jail, with 50 days suspended. Appellant also was ordered to serve five (5) days in the county jail and 36 days on electronically monitored house arrest, In addition, appellant was fined $525.00, his driver's license was suspended for 60 months, appellant was placed on supervised probation for a period of 12 months. With respect to the charge of failing to travel within lanes of travel on a roadway appellant was fined $20.00.

{¶10} Appellant now raises the following assignment of error on appeal:

{¶11} "THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT STATE OF OHIO FAILED TO PRODUCE SUFFICIENT EVIDENCE TO SUPPORT A CONVICTION."

I

{¶12} Appellant, in his sole assignment of error, argues that his convictions for operating a motor vehicle while under the influence and failing to travel within lanes of travel on a roadway were against the manifest weight and sufficiency of the evidence. We disagree.

{¶13} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983).

{¶14} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), ¶2 of the syllabus.

{¶15} Appellant, in support of his argument, notes that he was not offered the use of his cane during field sobriety tests despite having chronic arthritis in both knees, a torn ligament in his right knee and needing knee replacements. He further notes that he testified at the bench trial that he went off the road because the Trooper's lights

blinded him.    Appellant notes that Trooper Shirer was aware that appellant had something wrong with his eye.

{¶16} However, there was testimony that, at 1:30 a.m., appellant drove his vehicle off the right side of the roadway so that his tires were in the grass.  He drove left of center four times and admitted to consuming alcohol approximately two hours after taking his prescribed medications. Appellant testified that he knew that he was not supposed to combine his prescribed drugs with alcohol.   In addition, Trooper Shirer testified that appellant's actions were slow and that appellant exhibited four clues on the walk and turn test and  put his foot down about every second on the one legged stand.

{¶17} Based on the foregoing, we find that any rational trier of fact could have found that appellant committed both offenses. We further find that the trial court, as trier of fact, did not lose its way in convicting appellant.

**{¶18}** Appellant's sole assignment of error is, therefore, overruled.

**{¶19}** Accordingly, the judgment of the Cambridge Municipal Court is affirmed.

By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/d0430

[Cite as *State v. Perine*, 2012-Ohio-3048.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KEVIN PERINE | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11CA37 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Cambridge Municipal Court is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES